1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10
11

EMRE DADAK,

12

Petitioner,

13
14

v.

15

CHRISTOPHER J. LAROSE, Warden of
Otay Mesa Detention Center; DANIEL A.

16

BRIGHTMAN, San Diego Field Office
Director, Immigration and Customs

17

Enforcement and Removal Operations
("ICE/ERO"); KRISTI NOEM, Secretary

18

of the Department of Homeland Security
("DHS"); TODD LYONS, Acting

19

Director of Immigration and Customs

20

Enforcement ("ICE"); PAMELA BONDI,
Attorney General of the United States;

21

U.S. DEPARTMENT OF HOMELAND
SECURITY; U.S. IMMIGRATION AND

22

CUSTOMS ENFORCEMENT,

23
24

Respondents.

25

Case No.:  26cv0121 DMS SBC

**ORDER GRANTING PETITION**

26
27
28

    This case comes before the Court on the Petition for Writ of Habeas Corpus. Respondents filed a response to the Petition, and Petitioner filed traverse.    After

1

considering the parties' briefs, the relevant legal authority and record, the Court grants the Petition.

Petitioner Emre Dadak is a citizen of Turkey who entered the United States on November 4, 2023. (Pet. ¶ 2.) On November 10, 2023, Petitioner was paroled on his own recognizance. (*Id.*) He was also provided with a Notice to Appear and placed in removal proceedings. (*Id.* ¶ 40.) On January 25, 2024, Petitioner filed an application for asylum, which remains pending. (*Id.* ¶ 43.)

On October 31, 2025, Petitioner was driving north on Interstate 5 from San Diego to San Francisco. (*Id.* ¶ 4.) He was hungry and exited the freeway to go to McDonalds. (*Id.*) Unbeknownst to Petitioner, the McDonalds he found was located on Camp Pendleton. (*Id.*) When Petitioner exited the freeway, he went directly into the line to enter Camp Pendleton and was unable to turn around. (*Id.*) When he arrived at the guard booth, he asked if he could turn around, but the guard refused and asked him to pull over to the side of the road. (*Id.*) After waiting there for approximately an hour, Immigration and Customs Enforcement ("ICE") officers arrived. (*Id.* ¶ 5.) They told Petitioner he was going to be detained, put him in handcuffs, leg irons, and a waist restraint. (*Id.*) They then placed Petitioner in an ICE vehicle and transported him first to ICE facility in downtown San Diego, and then to Otay Mesa Detention Center, where he has remained since that time. (*Id.*)

On January 9, 2026, Petitioner filed the present case seeking release from custody, among other things. Petitioner raises three claims. First, he argues he was re-detained and his parole was revoked without consideration of his individual circumstances and without a finding that there had been a change in circumstances in violation of both the Administrative Procedures Act ("APA") and the Fifth Amendment's Due Process Clause. Next, Petitioner asserts his arrest and detention were without probable cause in violation of the Fourth Amendment. Respondents do not address these claims. Instead, they contend

Petitioner is a member of *Maldonado Bautista*[1] Class and therefore entitled to a bond hearing.

The Court agrees with Petitioner's arguments that his re-detention and revocation of his parole violated both the APA and the Due Process Clause. *See Y-Z-L-H v. Bostock*, 792 F. Supp. 3d 1123, 1147 (D. Or. 2025) (finding government's failure to explain "changed circumstances" underlying re-detention was arbitrary and capricious and therefore a violation of the APA); *Lesic v. LaRose*, No. 25CV2746-LL-BJW, 2025 WL 3158675, at *3 (S.D. Cal. Nov. 12, 2025); *Sanchez v. LaRose*, No. 25-CV-2396-JES-MMP, 2025 WL 2770629, at *4 (S.D. Cal. Sept. 26, 2025) (finding failure to identify or explain the changed circumstances underlying re-detention is violation of due process).

Absent any argument from Respondents that there are changed circumstances justifying Petitioner's re-detention, the Court grants the Petition, and orders Respondents to release Petitioner forthwith, and subject to the terms of his previous release. *See N-E-M-B v. Wamsley*, No. 3:25-cv-989-SI, 2025 WL 3527111, at *7-8 (D. Ore. Dec. 9, 2025) (granting petition and ordering petitioner's release where respondents failed to contest merits); *F.B. v. Noem*, No. CV-25-04271-PHX-JJT (JZB), 2025 WL 3628652, at *1-2 (D. Ariz. Dec. 4, 2025) (similar). The parties shall file a status report on or before **February 2, 2026**, indicating whether Petitioner has been released.

**IT IS SO ORDERED**.

Dated: January 28, 2026

Hon. Dana M. Sabraw
United States District Judge

---

[1] *See Maldonado Bautista v. Santacruz*, Case No. 5:25-cv-01873-SSS-BFM, United States District Court for the Central District of California.

3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28